UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PHIL S. RIVERA,

        Plaintiff,

   v.

ALLSTATE INDEMNITY COMPANY,

        Defendant.
_____/

NO. CIV. S-05-274 LKK/DAD

O R D E R

    This matter is before the court on the petition of defendant Allstate Indemnity Company ("defendant") for removal predicated upon the court's diversity jurisdiction. See 28 U.S.C. § 1332. This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). Having invoked the removal statute, defendant bears the burden of establishing this court's jurisdiction. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). As I explain below, defendant has failed to meet this burden.

1

1    Diversity jurisdiction requires complete diversity of
2 citizenship among the parties, as well as a minimum amount in
3 controversy of over $75,000.  See id.  While it appears that
4 diversity of citizenship is satisfied, defendant has not met its
5 burden of demonstrating that the amount in controversy exceeds
6 $75,000.  Plaintiff alleges that defendant refused to pay benefits
7 under a $100,000 policy for an uninsured motorist claim, which
8 allegedly caused plaintiff to suffer serious injuries and miss 16
9 weeks of work.  Compl. at ¶¶ 7-8.  On December 29, 2005, plaintiff
10 filed an action in San Joaquin County Superior Court alleging
11 "Breach of Contract," "Breach of Implied Covenant of Good Faith and
12 Fair Dealing and Punitive Damages," and "Violation of Business and
13 Professions Code Section 17200."  Nowhere in his complaint does
14 plaintiff assign a value to the relief he seeks.  "Where it is not
15 facially evident from the complaint that more than $75,000 is in
16 controversy, the removing party must prove, by a preponderance of
17 the evidence, that the amount in controversy meets the
18 jurisdictional threshold."  Matheson v. Progressive Specialty
19 Insurance Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see Sanchez v.
20 Monumental Life Insurance Co. , 95 F.3d 856, 860 (9th Cir. 1996).
21    Defendant concedes that the complaint "does not state the
22 specific amount of damages plaintiff seeks," but nevertheless
23 asserts that the amount in controversy exceeds $75,000. Defendant
24 attempts to meet its burden by merely reciting plaintiff's specific
25 claims, Not. of Removal at 2, and by noting that plaintiff seeks
26 attorney's fees, and punitive and exemplary damages. Id. at 3.

1 This analysis is insufficient to prove that the amount in
2 controversy meets the jurisdictional threshold.  "Because the
3 'removal statutes are strictly construed against removal,' <u>Libhardt</u>
4 <u>v. Santa Monica Dairy Co.</u>, 592 F.2d 1062, 1064 (9th Cir. 1979),
5 generally speaking doubts about removal must be resolved in favor
6 of remand."  <u>Dodd v. John Hancock Life Ins. Co.</u>, 688 F. Supp. 564,
7 566 (E.D. Cal. 1988); <u>see</u> <u>Matheson</u>, 319 F.3d at 1090.  Since
8 defendant has not adequately established the amount in controversy
9 in the case at bar, the court lacks subject matter jurisdiction and
10 must remand the case.  <u>See</u> 28 U.S.C. § 1447(c).

11    For the foregoing reasons, the court hereby ORDERS the above-
12 captioned case REMANDED to the Superior Court of the State of
13 California in and for the County of San Joaquin.

14    IT IS SO ORDERED.

15    DATED: April 18, 2005.

16
17                               /s/Lawrence K. Karlton
                                 LAWRENCE K. KARLTON
                                 SENIOR JUDGE
18                               UNITED STATES DISTRICT COURT

3